IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THOMAS MORE LAW CENTER; JANN DeMARS; JOHN CECI; STEVEN HYDER; and SALINA HYDER, <br><br> Plaintiffs, <br><br> v. <br><br> BARACK HUSSEIN OBAMA, in his official capacity as President of the United States; KATHLEEN SEBELIUS, in her official capacity as Secretary, United States Department of Health and Human Services; ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States;  TIMOTHY F. GEITHNER, in his official capacity as Secretary, United States Department of Treasury, <br><br> Defendants. | Case No. _____ <br><br><br> **COMPLAINT** |

THOMAS MORE LAW CENTER
Robert J. Muise, Esq. (P62849)
Richard Thompson, Esq. (P21410)
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
rmuise@thomasmore.org
(734) 827-2001
Fax: (734) 930-7160
*Co-Counsel for Plaintiffs*

LAW OFFICES OF DAVID YERUSHALMI, P.C.
David Yerushalmi, Esq. (Ariz. Bar No. 009616;
DC Bar No. 978179; Cal. Bar No. 132011; NY Bar No. 4632568)
P.O. Box 6358
Chandler, AZ 85246
david.yerushalmi@verizon.net
(646) 262-0500
Fax: (801) 760-3901
*Co-Counsel for Plaintiffs*

---

1

Plaintiffs Thomas More Law Center ("TMLC"), Jann DeMars, John Ceci, Steven Hyder, and Salina Hyder ("Plaintiffs"), by and through their undersigned counsel, bring this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

## INTRODUCTION

1. This case challenges the constitutionality of the recently enacted federal law known as the "Patient Protection and Affordable Care Act" (hereinafter referred to as the "Health Care Reform Act" or "Act"), which was signed into law by Defendant Obama on March 23, 2010. The Health Care Reform Act imposes unprecedented governmental mandates that restrict the personal and economic freedoms of American citizens in violation of the Constitution.

2. The "People of the United States" ensured that the federal government was a government of limited and enumerated powers by "ordain[ing] and establish[ing]" the "Constitution for the United States of America."

3. As James Madison explained in the Federalist Papers: "[I]n the first place it is to be remembered that the general government is not to be charged with the whole power of making and administering laws. Its jurisdiction is limited to certain enumerated objects."

4. There is no enumerated power in the Constitution that permits the federal government to mandate that every American citizen purchase or obtain health care coverage or face a penalty.

5. No matter how convinced Defendants may be that the Health Care Reform Act is in the public interest, their political objectives can only be accomplished in accord with the Constitution.

6.	Plaintiffs seek a declaration that Congress lacked authority under the Commerce Clause to pass the Health Care Reform Act; alternatively, a declaration that the penalty provision of the Health Care Reform Act is an unconstitutional "tax"; a declaration that the Health Care Reform Act violates the Tenth Amendment; a declaration that the Health Care Reform Act violates Plaintiffs' fundamental rights of conscience and the free exercise of religion protected by the First Amendment; a declaration that the Health Care Reform Act violates the equal protection guarantee of the Fifth Amendment; a declaration that the Health Care Reform Act violates the due process guarantee of the Fifth Amendment; an injunction enjoining the enforcement of the Health Care Reform Act; and an award of attorney fees and costs pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act), and other applicable laws.

## JURISDICTION AND VENUE

7.	This action in which the United States is a defendant arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1346.

8.	Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this court.

9.	Venue is proper under 28 U.S.C. § 1391(e) because this is the judicial district in which Plaintiffs reside.

## PLAINTIFFS

10.   Plaintiff TMLC is a national, public interest law firm based in Ann Arbor, Michigan. It is a 501(c)(3) organization that is incorporated under the laws of the State of Michigan.

11.   TMLC was established to educate and defend the citizens of the United States with respect to their constitutional rights and liberties. In furtherance of its mission, TMLC engages in litigation on behalf of its members that promotes and defends America's Christian heritage and moral values, including the sanctity of human life, traditional family values, and an independent and sovereign United States of America. TMLC and its members object to, and have been injured by, the Health Care Reform Act, which violates the Constitution.

12.   TMLC's employees receive health care through an employer health care plan sponsored and contributed to by TMLC. TMLC's health care plan is subject to the provisions and regulations of the Health Care Reform Act.

13.   Plaintiff Jann DeMars is a United States citizen, a resident of Genesee County, Michigan, a federal taxpayer, a member of TMLC, and a Catholic. Plaintiff DeMars does not have private health care insurance, and she objects to being compelled by the federal government to purchase health care coverage. Moreover, based on her deeply held religious beliefs and convictions, Plaintiff DeMars objects to being forced by the federal government to contribute in any way to the funding of abortion.

14.   Plaintiff John Ceci is a United States citizen, a resident of Livingston County, Michigan, a federal taxpayer, and a Catholic. Plaintiff Ceci does not have private health care insurance, and he objects to being compelled by the federal government to purchase health care

coverage. Moreover, based on his deeply held religious beliefs and convictions, Plaintiff Ceci objects to being forced by the federal government to contribute in any way to the funding of abortion.

15. Plaintiff Steven Hyder is a United States citizen, a resident of Monroe County, Michigan, a federal taxpayer, a member of TMLC, and a Catholic. Plaintiff Hyder does not have private health care insurance, and he objects to being compelled by the federal government to purchase health care coverage. Moreover, based on his deeply held religious beliefs and convictions, Plaintiff Hyder objects to being forced by the federal government to contribute in any way to the funding of abortion.

16. Plaintiff Salina Hyder is a United States citizen, a resident of Monroe County, Michigan, a federal taxpayer, and a non-denominational Christian. Plaintiff Hyder does not have private health care insurance, and she objects to being compelled by the federal government to purchase health care coverage. Moreover, based on her deeply held religious beliefs and convictions, Plaintiff Hyder objects to being forced by the federal government to contribute in any way to the funding of abortion.

**DEFENDANTS**

17. Defendant Barack Hussein Obama is the President of the United States. The executive power of the Constitution is vested in the President. As the head of the Executive Branch of the United States Government, Defendant Obama is empowered to direct and enforce the laws of the United States, including the Health Care Reform Act. Defendant Obama is sued in his official capacity.

18. Defendant Kathleen Sebelius is the Secretary of the United States Department of Health and Human Services ("DHHS"). As Secretary of DHHS, Defendant Sebelius is responsible for enforcing and administering the Health Care Reform Act. Defendant Sebelius is sued in her official capacity.

19. Defendant Eric H. Holder, Jr. is the Attorney General of the United States. As the Attorney General, he is the head of the Department of Justice and the chief law enforcement officer of the federal government. Accordingly, he is charged with enforcing the civil and criminal laws of the United States, including the Health Care Reform Act. Defendant Holder is sued in his official capacity.

20. Defendant Timothy F. Geithner is the Secretary of the United States Department of Treasury. As Treasury Secretary, Defendant Geithner is head of the Internal Revenue Service ("IRS") and is responsible for enforcing the Internal Revenue Code, including overseeing the collection of taxes, enforcing the tax laws, and enforcing certain penalty provisions of the Health Care Reform Act. Defendant Geithner is sued in his official capacity.

## STATEMENT OF FACTS

21. The Health Care Reform Act forces private citizens, including Plaintiffs, to purchase health care coverage under penalty of federal law.

22. What is considered an acceptable or minimum essential level of health care coverage is determined by the federal government pursuant to the Health Care Reform Act.

23. If a private citizen chooses not to purchase an acceptable or minimum essential level of health care coverage as determined by the federal government, monetary penalties are imposed by Defendants.

24. Plaintiff DeMars does not have health care coverage. She does not intend to purchase health care coverage. And she objects to being forced by the federal government to purchase health care coverage under the Health Care Reform Act.

25. Plaintiff Ceci does not have private health care insurance. As a veteran, he is currently eligible for some VA health care benefits. However, because he is in the lowest enrollment priority group, his benefits are not guaranteed and he is susceptible to being terminated due to a lack of available funds or a change in his enrollment status. Consequently, the VA recommends that Plaintiff Ceci maintain other health care coverage, such as private health care insurance.

26. In 2006, for example, Plaintiff Ceci was denied VA health care benefits due to a lack of availability. This lack of availability continued until 2009.

27. Because the Health Care Reform Act compels private citizens, including veterans, to obtain and maintain health care coverage under penalty of law, the demand for VA benefits will increase, causing Plaintiff Ceci to lose his eligibility for health care benefits.

28. Plaintiff Ceci does not intend to purchase private health care coverage, and he objects to being forced by the federal government to purchase health care coverage under the Health Care Reform Act.

29. Plaintiffs Steven and Salina Hyder do not have health care coverage. They do not intend to purchase health care coverage. And they object to being forced by the federal government to purchase health care coverage under the Health Care Reform Act.

30. By refusing to purchase health care coverage, Plaintiffs are subject to penalties under the Health Care Reform Act.

31. TMLC and its members, including Plaintiffs DeMars and Steven Hyder, object to being forced by the federal government to purchase health care coverage under the Health Care Reform Act.

32. Plaintiffs object to being forced to contribute to the funding of abortion, which, according to their deeply held religious beliefs and convictions, is a grave moral disorder since it is the deliberate killing of an innocent human being.

33. TMLC and its members, including Plaintiffs DeMars and Steven Hyder, similarly object to being forced to contribute to the funding of abortion through the Health Care Reform Act.

34. According to the teaching of the Catholic Church, abortion is a crime which no human law can legitimize.  Consequently, there is no obligation in conscience to obey such a law; instead, there is a grave and clear obligation to oppose such laws by conscientious objection.

35. Similarly, pursuant to their deeply held religious beliefs and convictions, Plaintiffs conscientiously object to being forced to contribute to the funding of abortion.

36. The Health Care Reform Act forces Plaintiffs, under penalty of federal law, to contribute to the funding of abortion.

37. Consequently, the Health Care Reform Act uses the power of federal law and authority to force Plaintiffs to contribute to the funding of abortion and thereby violate their conscience and their deeply held religious beliefs and convictions.

38. It is beyond the authority of Congress to impose a penalty or a "tax" on any person for not complying with its mandate that the person purchase health care coverage.

39. The Health Care Reform Act, and in particular the mandate requiring private citizens to purchase health care coverage, does not regulate an economic activity. Simply being a resident triggers the mandate.

40. The Constitution authorizes only limited, enumerated powers to Congress and none, including the power to regulate interstate commerce or to impose taxes, supports a federal mandate requiring anyone who is otherwise without health care coverage to purchase it.

41. Imposing an individual health care coverage mandate upon United States residents who choose not to contract for health care coverage as set forth in the Health Care Reform Act is not regulating economic activity.

42. A mandate requiring private citizens, such as Plaintiffs, to purchase health care coverage pursuant to the Health Care Reform Act is not an economic activity.

43. Pursuant to the Health Care Reform Act, otherwise uninsured persons, such as Plaintiffs, are being forced to purchase private health care coverage not because they are even tangentially engaged in the production, distribution, or consumption of goods or commodities or any other commercial activity, but for no other reason than they, the uninsured residents, exist.

44. Through the enforcement of the Health Care Reform Act, certain organizations, specifically including certain unions, will not be "taxed" on their health care plans because these organizations share the same political views of Defendants and of those currently in power in Congress. TMLC, which does not share these same political views, will be discriminated against in the enforcement of the Health Care Reform Act in that its employees will be "taxed" for the health care coverage provided by TMLC.

45. It is an unconstitutional abuse of federal power to fund and benefit through tax exemptions and other mechanisms special interest organizations, including unions, based on their political viewpoints and to deny similar funding and benefits to other individuals and organizations based on their political viewpoints.

46. Congress cannot use its power to "tax" solely as a means of controlling conduct that it could not otherwise control through the Commerce Clause or any other provision of the Constitution.

47. The penalty "tax" imposed under the Health Care Reform Act to enforce the mandate that private citizens, including Plaintiffs, purchase health care coverage is a direct "tax" on the person (capitation "tax") that is not apportioned among the States on the basis of census population.

## FIRST CLAIM FOR RELIEF

### (Commerce Clause)

48. Plaintiffs hereby incorporate by reference all stated paragraphs.

49. Congress lacks authority under the Commerce Clause of the Constitution to force private citizens, including Plaintiffs, under penalty of federal law, to purchase health care coverage. Consequently, Congress lacked any authority in the first instance to pass the Health Care Reform Act, specifically including the Act's individual mandate for health care coverage.

50. As a direct and proximate result of Defendants' violation of the Commerce Clause, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Unconstitutional Tax)

51. Plaintiffs hereby incorporate all stated paragraphs.

52. In the alternative, Congress lacks authority under Article I, §§ 2, 8, & 9 of the Constitution, and by implication the Sixteenth Amendment to the Constitution, to impose a direct "tax" on the person (capitation "tax") not apportioned among the States on the basis of census population to enforce the mandate that private citizens, including Plaintiffs, purchase health care coverage under the Health Care Reform Act.

53. As a direct and proximate result of Defendants' violation of the Constitution, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

## THIRD CLAIM FOR RELIEF

### (Tenth Amendment)

54. Plaintiffs hereby incorporate all stated paragraphs.

55. The Tenth Amendment to the Constitution states, "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

56. The "power" to enact the Health Care Reform Act was "not delegated" to Congress by the Constitution. Consequently, the power to enact legislation such as the Health Care Reform Act is specifically reserved by the Constitution to the States pursuant to their inherent police powers, or to the people. Pursuant to the Tenth Amendment, Congress was without authority to enact the Health Care Reform Act.

57. As a direct and proximate result of Defendants' violation of the Tenth Amendment, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

## FOURTH CLAIM FOR RELIEF

### (First Amendment—Free Exercise)

58. Plaintiffs hereby incorporate all stated paragraphs.

59. By forcing Plaintiffs to contribute to the funding of abortion, the Health Care Reform Act violates Plaintiffs' fundamental rights of conscience and the free exercise of religion protected by the First Amendment to the Constitution.

60. As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

## FIFTH CLAIM FOR RELIEF

### (Fifth Amendment—Equal Protection)

61. Plaintiffs hereby incorporate all stated paragraphs.

62. By providing for some religious exemptions from the mandates of the Health Care Reform Act, but forcing Plaintiffs to contribute to the funding of abortion in violation of their deeply held religious convictions, Defendants have deprived Plaintiffs of the equal protection of the law guaranteed under the Fifth Amendment to the Constitution.

63. Congress had no authority, and thus no basis, to discriminate against and penalize individuals, including Plaintiffs, who choose not to purchase health care coverage pursuant to the

Health Care Reform Act in violation of the equal protection of the law guaranteed under the Fifth Amendment.

64.     Congress had no authority, and thus no basis, to exempt some American citizens from penalties or "taxes," while imposing certain penalties and "taxes" on others based on whether the person chooses to purchase health care coverage pursuant to the Health Care Reform Act in violation of the equal protection of the law guaranteed under the Fifth Amendment.

65.     By funding and benefitting certain special interest organizations, including unions, through tax exemptions and other mechanisms provided for in the Health Care Reform Act based on their political viewpoints, which are favored by Congress and Defendants, and denying similar funding and benefits to other individuals and organizations that do not share similar viewpoints or favor with Congress and Defendants, including TMLC, Defendants have abused their federal authority in violation of the equal protection of the law guaranteed under the Fifth Amendment.

66.     As a direct and proximate result of Defendants' violation of the Fifth Amendment, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

## SIXTH CLAIM FOR RELIEF

### (Fifth Amendment—Due Process)

67.     Plaintiffs hereby incorporate by reference all stated paragraphs.

68.     The Fifth Amendment provides that "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."

69. By mandating that all private citizens, including Plaintiffs, purchase health care coverage under penalty of law, the Health Care Reform Act violates the due process requirement of the Fifth Amendment.

70. As a direct and proximate result of Defendants' violation of the Fifth Amendment, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

A) to declare that the Health Care Reform Act violates the Constitution as set forth in this Complaint;

B) to preliminarily and permanently enjoin the enforcement of the Health Care Reform Act as set forth in this Complaint;

C) to award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act), and other applicable law; and

D) to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

THOMAS MORE LAW CENTER

/s/ Robert J. Muise
Robert J. Muise, Esq. (P62849)

LAW OFFICES OF DAVID YERUSHALMI, P.C.

David Yerushalmi, Esq. (Ariz. Bar No. 009616; DC Bar No. 978179; Cal. Bar No. 132011; NY Bar No. 4632568)